GEISER THRESHING-MACHINE COMPANY *vs.* HENRY DRESDEN and
another.

May 30, 1882.

The evidence in this case *held* sufficient to sustain the findings of the referee.

Appeal by defendants from an order of the district court for
Watonwan county, *Severance*, J., presiding, refusing a new trial, after
a trial and decision by F. L. Janes, Esq., referee.

The action was brought upon promissory notes given by the de-
fendants for the unpaid portion of the purchase price of a threshing-
machine, two years and a half after the original purchase, and in
renewal of old notes. Defendants set up a counterclaim founded on
an alleged breach of a warranty made on the sale of the machine,
and alleged that, at the time the notes in suit were given, it was
agreed that they should not prejudice defendants' right to damages
for breach of the warranty. This allegation the referee found to be
untrue, and he also found that defendants had failed to establish
their counterclaim. The only direct evidence as to the worth and
efficiency of the machine was the testimony of defendant Herniman.

*J. W. Seager*, for appellants.

*W. C. Jones*, for respondent.

MITCHELL, J. The evidence in this case is clearly sufficient to sus-
tain the findings of the referee. The error into which the appellant
has fallen is in supposing that the direct testimony of Herniman,
tending to show a breach of the warranty of the threshing-machine,
was controlling, because there was no *direct* evidence to rebut it. It
was the right as well as duty of the referee to consider the circum-
stantial evidence, which, in this case, was very strong against the
defendants. The testimony of Herniman regarding the quality of
the machine was vague, indefinite, and unsatisfactory. The man-
ner of defendants in dealing with the machine, the fact of their mak-
ing large payments upon it, and finally, after the lapse of several
years, executing to plaintiff new notes for the unpaid balance of the
purchase-money, without, as found by the referee, alleging any de-

fects in the machine, or making any claim for the damages which they now claim, tend very strongly to prove that their present defence is unfounded, and fully warranted the referee in finding that defendants' counterclaim was not established by the evidence.

Order affirmed.